Mr. Carpenter. May it please the court, Kenneth Carpenter appearing on behalf of Ms. Rosie Kelly. Ms. Kelly is the substitute appellant for her husband. This case involves an interpretation of a 1944 VA regulation, 38 CFR 2.1009A. The difficulty in this case is that the regulation uses the same legal standard of clear and unmistakable error as Mr. Kelly's original request for revision requires clear and unmistakable error be shown in the prior VA decision. This case involves a severance of a VA grant of service connection. MS. KELLY Is it correct to say you want us to find the clearly and unmistakably errored when they determined there was clear and unmistakable error before? MR. CARPENTER Yes. MS. KELLY Wow. Kelsey, you've never said yes to a question. I'm afraid of what I just said. Go ahead. Keep going. I'm sorry. I didn't mean to derail you. MR. CARPENTER No, no. It's difficult to connect these dots because it's hard to follow which comes first, the chicken or the egg here. MS. KELLY You didn't give away anything. MR. CARPENTER I clearly could have, but in this case, the regulation is very specific. It says that an award will be severed by the rating board only if it's obviously warranted by a clear and unmistakable error shown by the evidence in the file at the time the prior decision was rendered. Therefore, the analysis has to be limited to what did the record show at the time. What the judge below did in misinterpreting this regulation was to suggest that this could be a mere disagreement with how the evidence was weighed. MS. KELLY But it has to be included, right, because the regulation says clear and unmistakable error shown by the evidence in the file at the time. And if the board had all the evidence before it, and if you couldn't, looking at all that evidence, conclude clear and unmistakable error, there'd be no way to prove it. You can't look outside the record. So, of course, in order for there ever to be clear and unmistakable error, it has to be on the same record under this. MR. CARPENTER Right. But the difficulty here is what the court below did was to say that Mr. Kelly's allegation of clear and unmistakable error in this decision was a mere disagreement of fact. And it can't be. It can't be a re-weighing of the evidence because there's no evidence to re-weigh. The pivotal question here is whether or not, based upon the undisputed facts, was there a clear and unmistakable error in having granted service connection in the first place? And there was no evidence of a clear and unmistakable error. They revisited this matter several times to determine whether or not this did or did not relate to service, whether it was or was not a condition that preexisted service. What was relied upon in 1946 was evidence from another examination which said that the condition existed before. Which was already in the record. It was already in the record, right? MR. CARPENTER No, that was not in the record at the time that the original decision was granted. Rendered, excuse me. MS. TAYLOR You're telling me that what they used in 1946 to conclude there was clear and unmistakable error in 1944 was something that wasn't part of the record in 1944? MR. CARPENTER That's correct, Your Honor, because that is the only evidence that is different from the evidence that existed at the time. MS. TAYLOR I totally missed that in your brief. I didn't understand or appreciate that that was your point. MR. CARPENTER Well, I'm sorry, Your Honor. To me, this is a very difficult case to present because we're dealing with legal standards that are comparable. And to me, the ultimate question here for this Court is whether or not this is or is not a question of law when you ask for review. Because if you say that you cannot review the underlying decision for clear and unmistakable error because you are requesting a reweighing of the evidence, then these decisions are completely insulated. MR. STEINWALD I'm confused. I thought I understood this case, but I'm not confused. You're saying that when the severance occurred, it relied on different evidence than the original decision to award service connection? MR. CARPENTER Yes, Your Honor. MR. STEINWALD How do I know that? MR. CARPENTER It's in the record. In January of 1946... MS. TAYLOR Where are you? MR. CARPENTER In the record at the Joint Appendix 38-39. MS. TAYLOR One second, let me finish here. MR. CARPENTER The decision which granted was made... MR. STEINWALD Yes, Your Honor. MR. CARPENTER Yes, at JA-37. And following that decision, and that's the decision which must have contained clear and unmistakable error based upon the evidence in the file at the time of this decision in May of 1944, Mr. Kelly underwent an examination in October of 1945, that's in the record at the next two pages at 38 and 39. Based upon those symptoms as described, the conclusion was that they discontinued the deficiency diagnosis since the patient did not give an impression of being mentally retarded, and the examiner included no opinion concerning a psychoneurosis, and yet they proceeded to sever. MR. STEINWALD Is there contention that in reaching a severance decision they can't rely on new evidence? MR. CARPENTER Under this regulation, no, they cannot. MR. STEINWALD Why do you say under this regulation? MR. CARPENTER Well, because the VA subsequently changed the regulation that expressly permits consideration of evidence after the decision. But in 1944, the regulation was limited to the evidence in the file at the time in which the decision was rendered. MR. STEINWALD So the error here was in permitting this new evidence to be considered. MR. CARPENTER Well, the error was, frankly, in the severance, because there was no, they didn't meet the standard that was required. MR. STEINWALD The error in the severance, according to you, is that contrary to the regulation, they considered new evidence in reaching the decision. MR. CARPENTER Yes, Your Honor, but the important part is that the evidence was essentially identical in terms of the diagnosis of his condition. The key here is that there's nothing in the 1944... MR. STEINWALD The evidence was identical. How is there any prejudice by relying on the new evidence? MR. CARPENTER Because it doesn't arise to the level required by the regulation. The level required by the regulation is that it must be manifestly obvious that there was a clear and unmistakable error in making the grant. If there's no evidence which indicates that there was a clear and unmistakable error and there is no determination or identification as to what that clear and unmistakable error was, there can't be a basis in law for the severance, because the regulation itself requires the showing of a clear and unmistakable error in order to support severance. MR. STEINWALD Okay, but it sounds as though the new evidence is irrelevant to the contention you're making because you say it was the same as the old evidence. Excuse me. The Veterans Court, the interpretation that they relied upon was that Mr. Kelly's allegations arose or constituted a mere disagreement with how the facts were weighed. That is a misinterpretation of this regulation. This regulation does not require a re-weighing of the evidence. It requires evidence showing that there was a clear and unmistakable error. In other words, you have to be able to identify in the decision where the VA later decided that their first decision was a clear and unmistakable error, and they didn't. Maybe to put it another way, if this was a denial and the veteran was asking for revision, he would have to show an undebatable mistake was made. That same burden is imposed on the VA in order to sever a grant. And as a matter of law, based upon the record and the evidence that existed in the file in 1944, there is no factual or legal basis upon which there could have been a showing of a clear and unmistakable error. Okay. Would you like to reserve your rebuttal? Excuse me, I would. Let me just, if I could, one quick question. Where is, in your view, the Veterans Court's misinterpretation of the 1944 regulation? Where does that reside in the Veterans Court's opinion? At JA 8, Your Honor, where the court says, although the appellant attempts to frame her argument on appeal as presenting a question of law, it is in reality a mere disagreement with the way the RO weighed the evidence in 1946, which is impermissible to support a request for revision of a prior VA decision, citing to Russell. Well, that states your argument that there was a question of law rather than just a question of fact. But what is the, how would you characterize the CAVC's legal ruling as to the meaning of the regulation that was wrong? That when Mr. Kelly framed his request for revision, he was precluded from presenting it as a question of law, whether or not there were, there was a clear and unmistakable error as a matter of law, based upon the evidence in the file at the time, because such an allegation is by its nature a mere disagreement with how the facts were weighed. And that simply precludes the review that's intended by statute. Okay. Thank you, Mr. Carpenter. Thank you, Your Honor. Mr. Ruskin. May it please the Court, I think I'm going to start with the argument that Mr. Carpenter presented here today, as opposed to the argument that he presented in his brief. My view is that the argument that he presented here today is a new argument, because in Ms. Kelly's brief, the argument really was… Which argument? What's that? Which argument? He said that the 1946 severance decision was based on new evidence. That's actually the opposite of what Ms. Kelly argues in her opening brief. He's not trying to draw any benefit from that. Well, except that he misstated the regulation. The regulation did provide for severance based on new and material evidence. And this Court, in the Natalie case, held that the regulation back then permitted severance in both cases. But to the extent that he then claimed that the evidence was the same, I'll turn back to the initial argument, which is that, as I think Judge Bryson's question alluded to, the Veterans Court decision here doesn't contain an interpretation or elaboration upon the severance regulation in effect at the time that the severance decision was made. In arguing to the Veterans Court, Ms. Kelly argued simply that the Board and the Veterans Court had misapplied that regulation to the facts of this case. To address whether the VA in 1944 had… Excuse me. To address whether the VA in 1946 found clear and unmistakable evidence that there was error in the 1944 decision, in this case would require this Court to weigh the evidence. He characterized it as based on a difference of opinion. The VA in 1946 in their decision memo said that it was clear and unmistakable evidence that impelled the conclusion. For this Court to disagree with the VA, however, would require it to weigh the evidence and weigh the facts, which it's not permitted to do. That review is in the purview of the Board of Veterans' Appeals, which conducted a thorough examination of the facts here twice, in fact, once for Mrs. Kelly and once for her husband before he passed away, and both times determined that the determination was correct. In order to frame his argument somewhat as a legal argument, he makes the sort of absolutist position that the clear and unmistakable error in the severance regulation at the time could never be based on the same evidence because that would render it a mere difference of opinion. As Judge Moore's question intimated, however, that would undermine the entire purpose of the Kew Statute, which permits the VA on the basis of clear error shown in the same evidence to revise a previous decision. Unless the Court has any additional questions, we would ask the Court to affirm the decision of the Veterans' Court or, in the alternative, dismiss the appeal for lack of jurisdiction. Thank you, Mr. Blunt. I only have one comment, Your Honor, based upon the government's presentation. And that is that this appeal does not ask you to look at whether the Board misapplied this regulation. This case asks you to interpret the regulation in play and determine whether or not the Veterans' Court relied upon a misinterpretation of that regulation in adjudicating her appeal. Now, I'm still having trouble understanding exactly where the Veterans' Court – pardon me if I'm asking you to cover ground that you've already covered, but I still do not understand exactly what you think the Court got wrong with respect to the interpretation of the regulation, focusing on interpretation of the regulation. What language did they read and misread in the regulation? The basis for their affirmance, as articulated at page 8 of their decision, was that the argument that was being presented was a mere disagreement with the way in which the R.O. weighed the evidence in 1946. All right. That is a misinterpretation of the regulation because the regulation is predicated upon evidence at the time that showed a clear and unmistakable error. You can't be reweighing evidence there. You have a legal question as to whether or not there was evidence that made it undebatable that the grant of service connection was based upon a clear and unmistakable error. Okay. Thank you very much. Thank you, Mr. Proctor.